# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HECTOR A. H. JUAN,**

      **Petitioner,**

    **v.**

**WARDEN, CHILLICOTHE**
**CORRECTIONAL INSTITUTE,**

      **Respondent.**

**Case No. 2:17-CV-1056**
**Judge George C. Smith**
**Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition and Petitioner's Motion to Stay, Respondent's Motion to Dismiss and Response in Opposition, Petitioner's Reply, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss (Doc. 9) be **GRANTED,** that Petitioner's Motion to Stay (Doc. 3) be **DENIED,** and that this action be **DISMISSED without prejudice** as unexhausted.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his 2012 convictions after a jury trial in the Franklin County Court of Common Pleas on three counts of gross sexual imposition and two counts of rape on a child under the age of thirteen. The Ohio Tenth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On July 9, 2010, appellant was indicted on three counts of gross sexual imposition under R.C. 2907.05 and two counts of rape under R.C. 2907.02. From March 5, to March 8, 2012, a trial was held and a jury returned a verdict of guilty on all counts. The trial judge, after conducting an initial sentencing hearing on April 4, 2012, sentenced appellant as follows:

> The Defendant shall serve Three (3) years as to Count One, Three (3) years as to Count Two and Three (3) years as to Count Three; Ten (10) years as to Count Four and Ten (10) years as to Count Five; Counts One, Two and Three shall be served concurrent with each other, Counts Four and Five shall be served concurrent with each other, Counts One, Two and Three shall be served consecutive to Counts Four and Five, for a total of Thirteen (13) years to be served * * *.
>
> (Apr. 24, 2012 Jgmt. Entry Prison Imposed.) No appeal was filed in 2012 after appellant was sentenced.
>
> On February 5, 2015, without conducting an additional sentencing hearing, the trial court issued an amended judgment entry which amended the sentence on the two counts of rape to ten years to life, with the total sentence amended to thirteen years to life. On April 24, 2015, appellant filed a pro se notice of appeal and a motion for delayed appeal. We granted his motion to file a delayed appeal and sua sponte appointed the Franklin County Public Defender to represent him for the purposes of this appeal.

(Doc. 8, PAGEID #: 225–26, *State v. Juan*, 10th Dist. Nos. 15AP-447, 15AP-1054, ¶ 1-4, 2016 WL 4245346, at *1 (Ohio Ct. App. Aug. 11, 2016)).

Petitioner asserted in the delayed appeal that he was denied (1) the effective assistance of trial counsel during his jury trial, and (2) the right to be present when the trial court issued the February 5, 2015 re-sentencing entry ("the February 2015 Re-Sentencing Entry"). (*Id.*, at PAGEID #: 148). On August 11, 2016, the appellate court overruled Petitioner's assignment of error concerning the alleged denial of effective assistance of trial counsel during his jury trial, but sustained his assignment of error concerning his right to be present when the trial court issued the February 2015 Re-Sentencing Entry ("the August 2016 Decision"). (*Id.*, at PAGEID #: 229). Accordingly, the appellate court remanded the case to the trial court for a new sentencing hearing with Petitioner present. (*Id.*).

Petitioner did not file a timely appeal of the August 2016 Decision to the Ohio Supreme Court but instead filed a motion for a delayed appeal on October 31, 2016. (*Id.*, at PAGEID #:

119–125). On December 28, 2016, the Ohio Supreme Court denied the motion for a delayed appeal of the August 2016 decision. (*Id.*, at PAGEID #: 255, *State v. Juan*, No. 2016-1596, 2016-Ohio-8438, 147 Ohio St.3d 1472 (Ohio Dec. 28, 2016)).

On September 7, 2016, the trial court held a re-sentencing hearing pursuant to the remand ordered in the August 2016 Decision. (Doc. 8, at PAGEID #: 256). On September 15, 2016, the trial court issued the Corrected Judgment Entry of sentence ("the September 2016 Corrected Judgment Entry"). (*Id.*, at PAGEID #: 256–57). Petitioner did not file a timely appeal or pursue a motion for a delayed appeal of the September 2016 Corrected Judgment Entry pursuant to Ohio Appellate Rule 5(A). Instead, on October 24, 2016, he filed a Notice of Appeal. (*Id.*, at PAGEID #: 259). On November 22, 2016, the appellate court dismissed the appeal of the September 2016 Corrected Judgment Entry as untimely. (*Id.*, at PAGEID #: 266).

Then, on December 27, 2017, Petitioner filed a Verified Motion to Correct Sentence in the Franklin County Court of Common Pleas. (*Id.*, at PAGEID #: 268, Case No. 10CR-03-4012). Petitioner asserted in that motion that the trial court improperly amended his sentence to impose a life term on his two rape convictions as charged in Counts 4 and 5 of the Indictment, because he was not determined to be a sexual predator and seeks the re-imposition of the initial sentence of thirteen years. (*Id.*, at PAGEID #: 268–72). The state trial court denied that motion on April 23, 2018, and appointed Petitioner appellate counsel. (*See* Case No. 10CR-03-4012).

On December 7, 2017, Petitioner initiated this federal habeas corpus action. (*See* Doc. 1). He raises the following grounds for relief, all of which concern the September 2016 Corrected Judgment Entry:

1. Petitioner was denied due process of law in violation of the Fifth and Fourteenth Amendment when a trial court enter[ed] a corrected judgment upon the record despite the doctrine of res judicata and the need for finality to prevent future collateral attacks by the parties involved.

2. Petitioner was denied due process of law in violation of the Fourteenth Amendment when the trial court, outside of its authority, changed a valid final judgment for reasons beyond the scope of Criminal Rule 36 – claiming that a clerical error had occurred in the sentencing entry.

3. Petitioner was denied effective assistance of counsel on appeal and at resentencing pursuant to the Sixth and Fourteenth Amendments when counsel failed to raise an error or address the fact that Petitioner was never found guilty of or had O.R.C. 2971.03; and that a failure to find or admit guilt of such prohibited the imposition of a life term for a violation of O.R.C. 2907.02(B) – a felony of the second degree.

(Doc. 6 at 7–16).

Shortly after filing his Petition, Petitioner filed a Motion to Stay proceedings pending resolution of the then-pending Motion to Correct Sentence. (Doc. 3). In opposition, Respondent argues that the Court should deny the stay and moves to dismiss this action as unexhausted. (*See generally* Docs. 9, 10). Petitioner did not file a reply.

## II. DISCUSSION

As explained below, Petitioner's claims are unexhausted. Thus, this Court must determine whether to grant Petitioner a stay of this matter "pending exhaustion" (Doc. 3 at 2), or grant Respondent dismissal without prejudice due to Petitioner's failure to exhaust.

### A. Exhaustion

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. 28 U.S.C. § 2254(b)(1); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (noting that "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the

state's highest court in order to satisfy the exhaustion requirement. *Boerckel*, 526 U.S. 838; *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The habeas petitioner bears the burden of demonstrating exhaustion of the available state court remedies with respect to the claims presented for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

In claims one and two of the Petition, Petitioner asserts that the trial court improperly issued the September 2016 Corrected Judgment Entry imposing ten years to life on his two rape convictions. Plaintiff made the same claim in the Verified Motion to Correct Sentence in the state trial court. (Doc. 8, at PAGEID #: 268, Case No. 10CR-03-4012). The state trial court denied the motion on April 23, 2018, and appointed Petitioner counsel to pursue an appeal. Consequently, Petitioner still may appeal the denial of the motion or file a motion for delayed appeal of the September 2016 Corrected Judgment under Ohio App. R. 5(A). Because Petitioner maintains the right under state law to raise these claims under available procedures, they are not exhausted.

In claim three, Petitioner asserts that he was denied the effective assistance of counsel in several ways. First, Petitioner argues that that his appellate counsel failed to properly present his claim that the trial court's February 5, 2015 Amended Judgment Entry increased his sentence improperly, rather than correcting a clerical error. (Doc. 6, at PAGEID #: 65). Petitioner also asserts that his attorney failed to raise this claim during the September 7, 2016 re-sentencing hearing. (*Id.* at PAGEID #: 64–65). Finally, Petitioner states that he asked his attorney to file an appeal of the September 2016 Corrected Judgment Entry, but his attorney failed to do so. According to Petitioner, his counsel instead sent him a letter dated September 19, 2006, informing Petitioner that he would not be pursuing an appeal to the Ohio Supreme Court. (*See*

*id.*, at PAGEID #: 66; Doc. 6-1, at PAGEID #: 75). Petitioner contends that he was unable to appeal timely as a result.

Although Petitioner raised an ineffective assistance of counsel claim on direct appeal, that claim concerned counsel's performance during his jury trial and was unrelated to the February 5, 2015 Amended Judgment Entry. (*See* Doc. 8, at PAGEID #: 226–29). Petitioner likewise did not pursue any appeal based on his attorney's representation during the September 7, 2016 re-sentencing hearing. Despite not properly presenting these claims to the Ohio courts, Petitioner still may do so by filing a delayed application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B). Finally, as this Court has noted, Petitioner did not file a timely appeal or pursue a motion for a delayed appeal of the September 2016 Corrected Judgment Entry pursuant to Ohio Appellate Rule 5(A). Because these remedies remain available to Petitioner, his Petition is subject to dismissal as unexhausted. *See Ortiz v. Wolfe*, 466 F. App'x 465, 467 (6th Cir. 2012) (even where the petitioner has only a "slim chance of success" he must give the state courts the opportunity to address his claims).

    **B. Stay**

Petitioner does not deny his claims are unexhausted but moves this Court to stay, rather than dismiss, his Petition. (*See* Doc. 3 at 2). In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has the discretion to stay a "mixed petition," containing both exhausted and unexhausted claims, to permit a petitioner to present his unexhausted claim to the state courts, and then to return to federal court for review. Nonetheless, the Court made clear that stays under these circumstances should be granted sparingly. *Id.* at 277 (recognizing that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and that it "undermines

6

AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition"). Stated differently, the Court held that "stay and abeyance should be available only in limited circumstances," and is appropriate only if there is good cause for the Petitioner's failure to exhaust his claims first in state court. *Id.* at 277. Finally, even if good cause exists, a stay is inappropriate where the unexhausted grounds are plainly meritless. *Id.* Thus, an abuse of discretion in denying a stay and dismissing the petition may be found only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

"[S]ome courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay-and-abeyance procedure to petitions, such as this, containing only unexhausted claims." *Peterson v. Warden, Pickaway Corr. Inst.*, No. 1:14-CV-604, 2015 WL 3970171, at *7 (S.D. Ohio June 30, 2015), *adopted by*, No. 1:14CV604, 2015 WL 3970286 (S.D. Ohio June 30, 2015) (listing cases). That is,

> [c]ourts that have held a stay is inappropriate for petitions containing only unexhausted claims have reasoned that (1) the district court lacks jurisdiction over the petition while the petitioner pursues his claims in state court in the absence of "exhausted claims that could stay the petition;" and (2) "if district courts were to stay habeas petitions that were completely unexhausted in order to maintain their timeliness under the AEDPA, federal courts would be turned into a jurisdictional parking lot for unexhausted claims." *Hust*, 329 F. Supp.2d at 380 (internal citation and quotation marks omitted); *Warren, supra*, 2013 WL 1875948, at *2; *see also Hickman*, 191 F. App'x at 757.
>
> However, in *Hickey v. Hoffner*, 701 F. App'x 422, 426 (6th Cir. June 30, 2017), the Sixth Circuit considered the applicability of the stay-and-abeyance procedure in the case of a non-mixed petition containing only unexhausted claims. After observing that other circuits have found the procedure applicable in cases containing solely unexhausted claims, *see id.* at n.5, the Sixth Circuit remanded the case to the district court to determine if the petitioner could show good cause for failing to raise his claims in the state court. If so, the Sixth Circuit directed, the

7

> district court should stay the petition and hold it in abeyance while the petitioner returned to the state court to exhaust his available remedies. *Id.* at 426–27.

*Id*. Even assuming *arguendo* the Court could impose a stay pending resolution of all of Petitioner's unexhausted claims, doing so would depend on whether he is able to show good cause for his failure to exhaust.

"In the absence of clear guidance from the Supreme Court, the federal courts have differed as to what constitutes 'good cause' within the meaning of *Rhines*." *Ivey v. Warden, Hocking Corr. Facility*, No. 1:13-CV-914, 2015 WL 457401, at *7 (S.D. Ohio Feb. 3, 2015) (citing *Williams v. Hurley*, No. 2:05cv985, 2006 WL 1650771, at *10–11 (S.D. Ohio June 6, 2006) (discussing the split in authority as to whether the "cause standard of *Rhines* requires a lesser showing than that for procedural default" and whether ineffective assistance of counsel during state post-conviction proceedings may constitute "good cause for failure to exhaust claims in state proceedings")). In other words, courts have applied different standards to this question.

Here, however, the present record does not support a finding of good cause for Petitioner's failure to exhaust, as he has offered little to no explanation for his failure, and he may still pursue an appeal of the state trial court's decision denying his Verified Motion to Correct Sentence, a motion for a delayed appeal of the September 2016 Corrected Judgment Entry pursuant to Ohio Appellate Rule 5(A), or a delayed application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B). *See Ivey*, 2015 WL 457401, at *9. Thus, Petitioner fails to satisfy his burden.

Moreover, Petitioner's unexhausted claims are likely not "potentially meritorious" such that a stay would be appropriate under *Rhines*. Notably, the state appellate court considered and explicitly rejected Petitioner's argument concerning the September 2016 Corrected Judgment Entry, finding that the trial court properly amended his sentence:

8

Appellant was charged with five criminal counts. Counts 4 and 5 of the indictment were violations of R.C. 2907.02, rape. The jury returned a verdict form of guilty as to both counts of rape stating that the victim was less than 13 years of age. "Pursuant to the clear language of R.C. § 2945.75, a verdict form signed by a jury must include either the degree of the offense of which a defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *State v. Pelfrey*, 112 Ohio St.3d 422, 2007–Ohio–256, syllabus. This is a violation of R.C. 2907.02(A)(1)(b) which states:

> No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
>
> * * *
>
> (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

This is felony of the first degree. "Except as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code." R.C. 2907.02(B).

Under R.C. 2971.03, the trial court should have imposed an indefinite prison term with a minimum term of ten years and a maximum term of life imprisonment. R.C. 2907.03(B)(1). "[T]he only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law." *Colegrove v. Burns*, 175 Ohio St. 437, 438 (1964).

It is clear that the trial court's April 24, 2012 judgment entry issued an incorrect sentence. Trial courts retain continuing jurisdiction to correct a void sentence and to correct a clerical error in a judgment, but they lack authority to reconsider their own valid final judgments in criminal cases. *State v. Raber*, 134 Ohio St.3d 350, 2012–Ohio–5636, ¶ 20, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006–Ohio–5795, ¶ 19, *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997).

"In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *State v. Davic*, 10th Dist. No. 15AP–1000, 2016–Ohio–4883, ¶ 6,

citing *State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642,¶ 27. "Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, ¶ 8. When an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended. *Davic* at ¶ 6; *Fischer* at ¶ 28.

A trial court can correct clerical errors in judgments, orders, or other parts of the record at any time. Crim.R. 36. "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." *See, e.g.*, *State v. Brown*, 136 Ohio App.3d 816, 819–20 (3d Dist.2000). Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, nunc pro tunc entries "'are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.'" *State ex rel. Cruzado* at ¶ 19, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995).

The following exchange occurred at the end of the April 4, 2012 sentencing hearing:

MS. RAUSCH: Your Honor, I justed[sic] want to note that the rape offenses carry mandatory 10 years to life sentences.

THE COURT: Which counts are those?

MS. RAUSCH: Four and Five.

THE COURT: Four and Five.

MS. RAUSCH: I just wanted to make sure that he has been advised of that and that all of these offenses are mandatory prison terms, and he will not be eligible for early release or earned credit.

THE COURT: That's why I skipped the part about early release. Did you hear what she said about the mandatory time? Do I need to explain it any more, Mr. Juan?

THE DEFENDANT: (Shaking head).

THE COURT: Is there anything further?

MS. RAUSCH: No, Your Honor. Thank you.

THE COURT: Thank you.

MS. PHIPPS: Thank you, Your Honor.

> (Tr. at 339–40.) It is clear that the trial judge's decision was to impose a sentence of 10 years to life rather than only 10 years stated in the original sentencing hearing. We find that it was a clerical mistake that the April 24, 2012 entry stated 10 years only. The trial court was therefore free to correct that clerical error at any time pursuant to Crim.R. 36, but had to bring appellant into open court to correct the mistake and issue a new sentence with a life tail. The State of Ohio has admitted that the failure to do so was error.

*State v. Juan*, 2016 WL 4245346, at *3–5. Thus, the state appellate Court already has rejected Petitioner's claim on the merits. The state trial court likewise denied Verified Motion to Correct Sentence.

Because a stay of proceedings is not warranted for Petitioner to pursue action that has little likelihood of success, a stay is not appropriate here. *See Cauthon v. Warden, Marion Corr. Inst.*, No. 2:17-cv-272, 2017 WL 3912724, at *8 (S.D. Ohio Sept. 7, 2017) (citing *Childers v. Warden, Chillicothe Corr. Inst.*, No. 2:13-cv-991, 2014 WL 3828429, at *4 (S.D. Ohio Aug. 4, 2014) (citing *Toledo v. Banks*, No. 09–cv–614, 2010 WL 2620593, at *5 (S.D. Ohio June 25, 2010) (citing *Williams v. Thaler*, 602 F.3d 291 (5th Cir. 2010)); *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005); *Carter v. Friel*, 415 F.Supp.2d 1314, 1321–22 (D. Utah 2006); *Scott v. Sheldon*, 2009 2982866 (N.D. Ohio September 11, 2009); *Sieng v. Wolfe*, 2009 WL 1607769, *7, Case No. 2:08-cv-0044 (S.D. Ohio June 9, 2009); *Bailey v. Eberlin*, 2009 WL 1585006, *7, Case No. 2:08-cv-839 (S.D. Ohio June 4, 2009)).

### III. RECOMMENDED DISPOSITION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that Respondent's Motion to Dismiss (Doc. 9) be **GRANTED,** that Petitioner's Motion to Stay (Doc. 3) be **DENIED,** and that this action be **DISMISSED** without prejudice as unexhausted.

### **Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: April 25, 2018                                       /s/ Kimberly A. Jolson
                                                           KIMBERLY A. JOLSON
                                                           UNITED STATES MAGISTRATE JUDGE