# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

HECTOR A. H. JUAN,

    Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTE,

    Respondent.

Case No. 2:17-cv-1056
Judge George C. Smith
Magistrate Judge Jolson

## OPINION AND ORDER

On April 25, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* (ECF No. 9) be granted, that Petitioner's *Motion to Stay* (ECF No. 3) be denied, and that this action be dismissed without prejudice as unexhausted. (ECF No. 12.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 15.)

Petitioner challenges the September 2016 Corrected Judgment Entry of sentence issued by the Franklin County Court of Common Pleas imposing an aggregate term of thirteen years to life incarceration on his March 8, 2012, convictions on three counts of gross sexual imposition and two counts of rape. The docket of the Franklin County Clerk indicates that Petitioner has been appointed counsel, and has an appeal currently pending. Plainly, therefore, this habeas corpus action remains unexhausted and subject to dismissal on that basis. Petitioner nonetheless seeks a stay of proceedings so as to avoid being barred from any future re-filing by the one-year statute of limitations provided for under 28 U.S.C. § 2244(d).

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. The Court makes no determination regarding the impact of the one-year statute of limitations on any future re-filing of this action here. However, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, the record simply does not reflect that a stay is warranted under the standard set forth in *Rhines v. Weber*, 544 U.S. 269 (2005).

Therefore, for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 15) is **OVERRULED.** The *Report and Recommendation* (ECF No. 12) is **ADOPTED** and **AFFIRMED**. The *Motion to Stay* (ECF No. 3) is **DENIED**. The *Motion to Dismiss* (ECF No. 9) is **GRANTED**. This action is hereby **DISMISSED** without prejudice as unexhausted.

The Court **DECLINES** to issue a certificate of appealability.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, ––– U.S. –––. –––, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484

(2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate this Court's denial of Petitioner's motion for a stay and the dismissal of this action without prejudice as unexhausted. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

     **IT IS SO ORDERED.**

     *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**